IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEWTON J. HOLT,

      Plaintiff,                    No. CIV S-08-1652 FCD DAD

     v.

TRUE VALUE COMPANY,             ORDER

      Defendant.

_____/

        The parties have submitted a proposed stipulation and protective order regarding discovery that includes the following provision regarding discovery materials which are to be filed under seal pursuant to a court order permitting such filing:

> In addition, each Party may redact certain confidential information, if not relevant to the purpose of the filing, from documents submitted to the Court under seal by covering that information, marking that portion of the materials as "Redacted" and providing opposing counsel with a general written description of the information redacted.

Stipulation and Proposed Order filed January 22, 2009, ¶ 10.

/////

/////

/////

1

All documents filed with the court are presumptively public.[1]  See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999).  Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case.  Fed. R. Civ. P. 26(c).  Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b).  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

Whether or not a protective order is entered in any case is subject to the discretion of the court.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information").  A protective order will not be entered absent a showing of good cause.  Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

A party's mere desire for a protective order does not constitute good cause to bar the public from access to litigation documents.  Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, a particular and specific need for protection.  Phillips, 307 F.3d at 1210-11; San Jose Mercury News, 187 F.3d at 1102-03.

/////

---

[1] A party may, however, have a right to protect from public disclosure information that has been produced to another party in discovery but has not been filed with the court.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

1    "If a court finds particularized harm will result from disclosure of information to
2 the public, then it balances the public and private interests to decide whether a protective order is
3 necessary." Phillips, 307 F.3d at 1211.  Accordingly, a stipulation or a motion for entry of a
4 protective order must show a particularized need for protection as to each individual document or
5 piece of information proposed to be covered by the order, must show why the need for protection
6 should be addressed by court order as opposed to a private agreement between or among parties,
7 and must describe the types of documents or information eligible for protection under the order,
8 with the description provided in general terms sufficient to reveal the nature of the types of
9 documents or information.  See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket
10 stipulated protective orders "are inherently subject to challenge and modification, as the party
11 resisting disclosure generally has not made a particularized showing of good cause with respect
12 to any individual document").

13    Just as the court will not enter a discovery order or a protective order that enables
14 the parties to designate so much material as "confidential" that, in essence, entire case filings are
15 sealed, the court will not approve an order giving blanket authority to the parties to designate
16 what will be filed under seal.  Similarly, the court will not approve an order that gives blanket
17 authority to the parties to redact matters other than matters specified in Local Rule 39-140(a).
18 Here, the stipulated protective order proposed by the parties would give the parties blanket
19 authority to redact matter in documents submitted for filing under seal.  Request for entry of the
20 protective order as proposed will be denied without prejudice to the submission of an amended
21 stipulation and protective order that cures this defect.

22    Paragraph 10 of the parties' amended stipulation and protective order may, of
23 course, provide that  a party who files a motion, whether uncontested or contested, for an order
24 permitting the filing of confidential material under seal may include in the same motion a request
25 for authorization to redact confidential information not relevant to the purpose of the filing of the
26 confidential material.  See Local Rule 39-140(b).

Accordingly, IT IS ORDERED that the parties' January 22, 2009 stipulation and proposed protective order (Doc. No. 14) is not approved as presented.

DATED: January 26, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\holt1652.ord.spo