SEYFARTH SHAW LLP
Mark P. Grajski (SBN 178050)
  Email: mgrajski@seyfarth.com
Timothy B. Nelson (SBN 235279)
  Email: tnelson@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
TRUE VALUE COMPANY

LAW OFFICES OF ALAN ADELMAN
Alan Adelman (SBN 170860)
  Email: alan@alanadelmanlaw.com
240 Stockton Street, 9th Floor
Union Square
San Francisco, California 94108
Telephone: (415) 956-1360
Facsimile: (415) 625-1339

Elizabeth S Mancl (SBN 191844)
  Email: bethmancl@prodigy.net
508 Forbes Avenue, 2nd Floor South
Yuba City, California 95991
Telephone: (530) 751-1695
Facsimile: (530) 751-2384

Attorneys for Plaintiff
NEWTON J. HOLT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWTON J. HOLT, | Case No. 2:08-CV-01652-FCD-DAD |
| Plaintiff, | **AMENDED STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY** |
| v. | |
| TRUE VALUE COMPANY | |
| Defendant. | |

In accordance with Federal Rule of Civil Procedure 26(c), and for good cause shown, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all information produced by the parties to this action during the course of discovery in this litigation, including document productions,

1
STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY
SC1 17100798.1 / 57319-000003

1  interrogatory answers, responses to requests to admissions, depositions, and discovery materials
2  otherwise produced or provided to the parties by non-parties pursuant to judicial procedures
3  (collectively defined as "Litigation Materials").

4      2.    All Confidential Materials (as defined below) made available in the course of the
5  litigation of this case shall be used solely for the purposes of preparing for and conducting the
6  litigation of this case and for no other purpose whatsoever.  No Confidential Materials may be
7  used or disseminated except in accordance with the terms of this Protective Order.

8      3.    In producing or disclosing Litigation Materials, any party may designate as
9  "confidential" any portion of any Litigation Materials that it believes, in good faith, constitutes
10 or contains non-public, highly sensitive, private, confidential, trade secret information or
11 proprietary information.

12     4.    The parties may designate Litigation Materials as "confidential" at or before
13 production or disclosure by (a) stamping or otherwise writing the legend "CONFIDENTIAL" on
14 the Litigation Materials or (b) by an alternative method acceptable to all parties.  In the event that
15 Litigation Materials that are not designated initially as confidential are later designated as
16 confidential, they shall thereafter be treated as confidential Litigation Materials in accordance
17 with this Protective Order.

18     5.    Parties may designate depositions or other testimony as confidential by any one of
19 the following means:  (a) stating orally on the record that the information is confidential and the
20 portions for which such designation is made, on the day that testimony is given; or (b) sending
21 written notice designating information as confidential within five days after receipt of a final
22 transcript thereof.  All information disclosed during a deposition shall be treated as if it were
23 confidential unless and until the five-day period set forth in this paragraph has expired without
24 any written designation notice having been sent.  Failure to designate depositions or other
25 testimony as confidential within this five-day period, however, does not preclude a party from
26 doing so later in accordance with this order.

27     6.    Litigation Materials designated "confidential," and any copies thereof or
28 information contained therein shall be maintained in confidence by the attorney of record to

1  whom such Litigation Materials are produced or disclosed and such Litigation Materials and/or
2  the information contained in such Litigation Materials shall be disclosed only to the following
3  persons:
4      (a)    Named parties to the litigation, including employees of named parties to the
5  extent deemed reasonably necessary by counsel for the party for assistance in prosecuting or
6  defending this case;
7      (b)    Counsel for the parties, including both outside counsel and in-house counsel for
8  the parties;
9      (c)    Legal, paralegal, non-technical, and clerical staff employed by counsel for the
10 parties for the preparation of and trial of this action who have been advised of this Order;
11     (d)    Private court reporters or notaries public engaged by the parties in their official
12 capacities;
13     (e)    Persons appearing as deponents or witnesses on behalf of the party who has
14 produced or disclosed the confidential Litigation Materials, or on whose behalf such confidential
15 Litigation Materials have been produced or disclosed;
16     (f)    Independent experts or consultants retained by the parties to furnish expert
17 services or advice or to give expert testimony who have been advised of this Order;
18     (g)    The Court and court personnel; and
19     (h)    Former and current employees of defendant's.
20     7.    Before any person is given access to confidential Litigation Material pursuant to
21 ¶6(a)-(f), such person shall be provided with a copy of this Protective Order and shall sign
22 Exhibit A attached to this Protective Order to demonstrate that person's agreement to be bound
23 by its terms.  Counsel of record shall maintain possession of an executed copy of this Protective
24 Order and shall provide a copy of it to each qualified person executing the acknowledgment and
25 agreement appended as Exhibit A.  A copy of the acknowledgment and agreement to be bound
26 by the terms of this Protective Order signed by each person falling within the terms of this
27 Protective Order shall be made available to opposing counsel upon request.  Nothing in this
28 paragraph, however, shall require the disclosure of the identity of experts retained by the parties.

1	8.	If Litigation Material designated confidential or quotations from or references to such materials are to be included in papers filed with or otherwise disclosed to the court, such papers shall be labeled "Confidential."

9.	If any party objects to the designation of any Litigation Materials as confidential, that party shall so state its objection in a letter to counsel for the party making the designation. If the dispute cannot be resolved by agreement, the party challenging the designation of any Litigation Material as confidential shall have the right, on reasonable notice but in any event not less than five (5) days prior to the use of the documents or submission of the documents to the Court, to apply to the Court to have materials designated as not confidential. Until the Court rules on the motion, confidential material shall continue to be treated as so designated and any papers filed with the Court may not include such confidential material (except as provided for in Paragraph 8), but may refer to them by proper identification, such as Bates Stamp number or date and author.

10.	If counsel for any Party to the Action determines to file with, or submit to, the Court (other than at trial) (a) any Confidential Materials, or (b) any pleading or other Document making any reference to the specific content of Confidential Materials, if no Party objects, the filing Party will file an uncontested motion for an order permitting filing under seal with the Court in accordance with current District Court procedures and requirements for seeking such filings. In the event a Party objects to such a filing under seal, the Party seeking to make such filing shall seek, upon proper notice to the other Party, leave of Court to do so. However, if the Party filing the Confidential Materials was the only Party who designated the information and/or documents as Confidential, the filing Party may elect at its sole discretion to not file a motion seeking permission to file under seal, but may instead file its own Confidential Materials in accordance with regular court practices. Except by mutual agreement or in the case of an emergency motion, any motion seeking permission from the Court to file under seal must be filed at least five (5) business days before the due date, and, if the Court does not issue a ruling on such motion within two (2) business days preceding the due date, the Parties agree that the

1  filing Party may file an uncontested motion for an extension of the due date pending the Court's
2  ruling.

3       If the Court permits the Confidential Discovery Materials to be filed under seal, the filing
4  may be made electronically or by hand in accordance with the Court's rules and practices.  In the
5  event the Confidential Materials are not electronically filed under seal, the sealed envelope in
6  which such Confidential Discovery Materials are filed shall be prominently marked
7  "CONFIDENTIAL INFORMATION."  The envelope shall also be prominently marked with the
8  case caption and shall state "This envelope, which is being filed under seal, pursuant to the
9  Court's order of [date], contains documents which include confidential material."  The envelope
10 in addition to enclosing a hard copy of the Confidential Discovery Materials shall have a disk or
11 CD-ROM containing the Confidential Discovery Materials in PDF format.  One copy of any
12 Confidential Discovery Materials filed with the Court shall be furnished to the other Party.

13      A party who files a motion for an order permitting the filing of confidential material
14 under seal, whether contested or uncontested, may include in the same motion a request for an
15 authorization to redact confidential information not relevant to the purpose of the filing of the
16 confidential material.

17      11.    Nothing in this Protective Order shall prevent any party from disclosing its own
18 confidential Litigation Materials as it deems appropriate and any such disclosure shall not be
19 deemed a waiver of any kind whatsoever or a waiver of any other party's obligation under the
20 Protective Order.

21      12.    If a party to this Protective Order in possession of Litigation Materials receives a
22 subpoena from a non-party seeking the production or other disclosure of Litigation Materials,
23 whether or not such materials have been designated as confidential, that party shall immediately
24 give written notice to counsel of record for the party who provided the Litigation Materials being
25 sought, which such notice shall include a copy of the subpoena.  Where possible, at least seven
26 days' notice before production or other disclosure should be given.  In no event shall production
27 or disclosure be made before telephone notice is given and, whenever possible, sufficiently in
28 advance of production or disclosure to afford the party to whom such notice has been given, at

5

1  least three business days, to take appropriate action, including seeking judicial relief.

2      13.    By this Protective Order, the parties do not waive any rights to object to any
3  discovery request, seek any further protective order, or seek relief from the Court from any
4  provision of this Protective Order by application on notice on any grounds.

5      14.    This Protective Order shall not control the use of any evidence during the trial or
6  any hearing of this case.  However, nothing herein shall preclude either party from seeking the
7  assistance of the Court in maintaining the confidential nature of any evidence that is presented at
8  hearing or trial.

9      15.    The fact that discovery material is designated confidential or that such material is
10 disclosed in this litigation shall not be construed in any other context or proceeding before any
11 court, agency or tribunal as a waiver or admission that such information is or is not confidential
12 or proprietary.

13     16.    This Protective Order shall not apply to any materials that are publicly available.

14     17.    The inadvertent production or disclosure of any Litigation Material in discovery
15 or otherwise shall not effect a waiver of any privilege at law or in equity or any rights or
16 obligations arising from or related to this Protective Order, provided the party making such
17 production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent
18 production or disclosure and to remedy the inadvertent production or disclosure upon the
19 discovery thereof.

20     18.    The parties may modify the provisions of this Protective Order at any time by
21 stipulation approved by order of the Court.

22     19.    Upon resolution of this matter, all Confidential Materials will be returned to the
23 producing party, or destroyed and certified as destroyed, at the option of the producing party,
24 within forty-five days.  Notwithstanding anything contained herein to the contrary, counsel for
25 the Parties may retain copies of all transcripts and work product, including pleadings, briefs and
26 memoranda that are claimed to contain Confidential Information.  Such materials shall remain
27 subject to this Protective Order, which shall survive the termination date.

28

20.     This Court shall have continuing jurisdiction over this Order and its enforcement.

DATED:  February 6, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

AGREED TO:

SEYFARTH SHAW LLP


By: /s/ Mark P. Grajski_____
        Mark P. Grajski

Attorney for Defendant
TRUE VALUE COMPANY



By: /s/ Alan Adelman_____
        Alan Adelman

Attorney for Plaintiff
NEWTON HOLT


Ddad1/orders.civil/holt1652.protectord

7
STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY
SC1 17100798.1 / 57319-000003

**EXHIBIT A**

**ACKNOWLEDGMENT**

1. I, the undersigned, hereby acknowledge that I have read the Order entered into in the United States District Court, Eastern District of California, in the action titled *Newton Holt v. True Value Company*, Case Number 2:08-CV-01652-FCD-DAD, governing confidential information disclosed in this action.

2. I understand the terms of the Order and agree to be bound by such terms.

3. I understand and agree that any documents, material or information designated or marked Confidential or shall only be used for purposes of this litigation.

4. I consent to personal jurisdiction within the State of California with respect to any proceeding commenced to enforce the Order, including proceedings relative to contempt of Court.

Executed this _____ day of _____, 2009, at _____ [city], _____[state].

_____
Print Name:_____
Address: _____
_____
Employer: _____